**Thomas GERCKE, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

**No. CV 94–5818 (RJD).**

United States District Court, E.D. New York.

Oct. 11, 1995.

Charles E. Binder, Steven S. Landis, Binder and Binder, Hauppauge, NY, for plaintiff.

Michelle T. Weiner, United States Attorney's Office, Civil Division, Brooklyn, NY, for defendant.

## MEMORANDUM AND ORDER

DEARIE, District Judge.

Plaintiff appeals from the Commissioner's final determination that he was not disabled during a two year period from May 31, 1984 to May 31, 1986. The Commissioner had previously found plaintiff disabled prior to that period (from 1977 to 1983) and since May 31, 1986. The decision of the Commissioner finding Mr. Gercke not to be disabled during the intervening two year period is reversed, pursuant to Sentence Four of Title 42, United States Code, Section 405(g). The action is remanded to the Commissioner solely for purposes of determining the amount of benefits.

A treating physician's opinion that an individual is disabled is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2). Even if the treating physician's opinion is retrospective, the opinion is binding on the Commissioner unless contradicted by other medical evidence or "overwhelmingly compelling" non-medical evidence. *Rivera v. Sullivan,* 923 F.2d 964, 968 (2d Cir.1991); *Wagner v. Secretary of HHS,* 906 F.2d 856, 862 (2d Cir.1991).

Dr. Troy's opinion that Mr. Gercke was disabled since 1973, *see* Tr. 495, is not contradicted by the medical evidence or by compelling non-medical evidence. The only medical evidence that the Commissioner points to as being contradictory are earlier reports by Dr. Troy and the opinion of Dr. Sullivan, the Medical Advisor. The Commis-

sioner's reliance on that evidence is misplaced.

In March 1990, Dr. Troy noted that Mr. Gercke's disorders "have progressed during the last two years [from 1988 to 1990] to the point of him having a severe inability to function in society." Tr. 207. The Commissioner argues that this statement, along with Dr. Troy's earlier referral of Mr. Gercke to job assistance, indicates Dr. Troy believed that Mr. Gercke could function in society in 1988. However, the March 1990 letter clearly states that Dr. Troy considered Mr. Gercke disabled since at least 1987. Tr. 207 ("[Mr Gercke] would not be able to hold onto any job due to his haphazard approach to life in general.... [H]e is [sic] unable to perform any gainful employment since he was first seen be me [in 1987].").  A fair reading of the letter reveals that Dr. Troy did not opine as to whether Mr. Gercke was disabled prior to 1987. Certainly, she did not contradict her other letter that Mr. Gercke was disabled since 1973.

The Commissioner's reliance on the Medical Advisor's testimony is also misplaced. The only statement the Commissioner can point to that arguably supports her position is the circular argument advanced by the Administrative Law Judge [ALJ] and seemingly adopted by Dr. Sullivan. Dr. Sullivan agreed with the ALJ statement that "since [Mr. Gercke] worked you can't say he couldn't." Tr. 578. The Medical Advisor's agreement with the statement is not a ringing endorsement of the Commissioner's position. Indeed, Dr. Sullivan, at the same hearing, stated that although he thought Mr. Gercke could perform some type of undemanding job, "whether or not he would last at them is open to speculation." Tr. 586–87. He also opined that Mr. Gercke was probably negligent in any number of ways and might conceivably be dangerous. Tr. 590.

■  The non-medical evidence does not support the Commissioner's finding either. Mr. Gercke's sporadic employment history confirms his disability. Back in 1969, Mr. Gercke was discharged from the Navy because of his immature personality, after having served three years. Tr. 229, 231–33, 236. He then attempted a variety of odd jobs, as a

messenger, security guard, and dishwasher. Tr. 127. From 1974 to 1977, he worked as a mail handler, but was fired because he was always late. Tr. 565–66. In 1981, Mr. Gercke worked as a porter for Dunkin Donuts. Then in 1982, he worked as a baggage handler at an airport. In 1983, he worked as a porter with the New York City Transit Authority. Mr. Gercke appears to have been fired from each of the jobs. With the transit job, for example, he was fired after six months because he would misplace equipment, show up late, and forget where he was to go. Tr. 547. He was terminated from the baggage handler job after he nearly lost two fingers in an accident. Tr. 560.

Mr. Gercke's work history since 1984 is even more limited. He worked as a maintenance man in 1986 for one day, as a food handler for two weeks in 1989, as a security guard for several months in 1988, and as a night watchman for a marina in 1991. Again he appears to have been fired from each of the jobs. He was terminated from the marina job, for example, because he fell asleep on the job and the place was robbed. Tr. 114–21. Aside from those jobs just listed, Mr. Gercke attempted to obtain other jobs. He had no success. Tr. 561.

In short, Gercke's work history demonstrates that he desires to work, but is incapable of even unskilled jobs. As Mr. Gercke pointed out, at almost every job he attempted, he would get hurt. Tr. 561.

Even the Commissioner determined that Mr. Gercke's sporadic employment would not prevent him from receiving benefits. Indeed, the Commissioner found Mr. Gercke to be disabled from 1977 to 1982 and from 1986 to the present. In sum, no evidence, medical or non-medical, contradicts the treating physician's retrospective opinion that Mr. Gercke was disabled on May 31, 1984.

■  In any event, were the Court not reversing the finding of the Commissioner for failing to abide by the treating physician rule, the Court would remand the case for the Commission's failure to properly apply "the Grids." The Commissioner found Mr. Gercke not to be disabled pursuant to rule 201.24 of the Grids. 20 C.F.R. Pt. 404,

Subpt. P, App. 2. However, the Commissioner did not apply Section 201.00(h) which directs the Commissioner to consider whether a finding of not disabled is appropriate for individuals who cannot perform the full range of sedentary work. Mr. Gercke's physical and mental impairments prevent him from performing the full range of sedentary work.

For the reasons stated above and in open Court on September 15, 1995, the decision of the Commissioner finding Mr. Gercke not to be disabled from May 31, 1984 to May 31, 1986 is reversed. The action is remanded solely for the purposes of calculating the amount of benefits to be awarded to Mr. Gercke. The Clerk is directed to close the case.

SO ORDERED.